*Allen v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand twenty.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> AMALYA L. KEARSE,
> RICHARD C. WESLEY,
> *Circuit Judges*.

---

DERRICK ALLEN,

> *Petitioner-Appellant*,

v.                                                        19-3479

UNITED STATES OF AMERICA,

> *Respondent-Appellee*.

---

For Petitioner-Appellant:      MALVINA NATHANSON, New York, NY.

For Respondent-Appellee:      NATHANIEL J. GENTILE (Marc H. Silverman *on the brief*), Assistant United States Attorneys, *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from an order of the United States District Court for the District of Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner Derrick Allen ("Allen") appeals from a September 26, 2019 order of the United States District Court for the District of Connecticut (Chatigny, *J.*) denying his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Allen argues—and the Government does not dispute—that he was sentenced to a mandatory minimum prison term of fifteen years under the residual clause of the Armed Career Criminal Act ("ACCA"). The ACCA sentencing enhancement is applicable when the defendant has prior convictions for three or more violent felonies or serious drug offenses. *See* 18 U.S.C. § 924(e). The Supreme Court has since held that clause of the ACCA to be unconstitutionally vague. *See Johnson v. United States*, 576 U.S. 591, 606 (2015). Allen argues that, as a result, he no longer qualifies for the mandatory minimum of fifteen years. In particular, while he admits that he has two prior convictions for serious drug offenses, he claims that he has never been convicted of a "violent felony" within the meaning of the ACCA's so-called "elements clause," which defines a violent felony as one that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The statutory maximum sentence for the offense Allen was convicted of, a violation of 18 U.S.C. § 922(g)(1), is ten years, and he argues that his sentence should not have been enhanced under the ACCA. *See* 18 U.S.C. § 924(a)(2). For its part, the Government claims that the instant appeal should be dismissed because Allen's § 2255 motion was barred by the waiver of collateral attack that was included in Allen's plea agreement and, in the alternative, that Allen has two prior convictions, either of which qualifies as a violent felony conviction under

the elements clause, triggering the sentence enhancement when combined with the two drug convictions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

*   *   *

At the start, the parties advance arguments about the applicability of Allen's waiver of his right to bring a collateral attack. We need not address those arguments here, however, for a simple reason. Even assuming Allen's collateral attack was permissible, he still qualifies for the ACCA's mandatory minimum sentence because he has two prior convictions that are violent felonies under the elements clause, either one of which, along with his two acknowledged serious drug offenses, would constitute a third ACCA predicate conviction.

To determine the applicability of the ACCA to a particular conviction, courts use the categorical approach. Under this approach, courts look to the minimum criminal conduct necessary for conviction to determine whether the crime meets the relevant ACCA definition. *See Villanueva v. United States*, 893 F.3d 123, 127–28 (2d Cir. 2018). As applied here, if this minimal conduct would "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), then the conviction is a violent felony under the ACCA. Moreover, where a state statute has multiple subdivisions that lay out alternative ways in which a defendant can be guilty of a given offense, we use the so-called modified categorical approach. *United States v. Bordeaux*, 886 F.3d 189, 193 (2d Cir. 2018). This, in turn, involves a limited inquiry to determine "what crime, with what elements, a defendant was convicted of." *Id.* (quoting *Stuckey v. United States*, 878 F.3d 62, 67 (2d Cir. 2017)). Where a guilty plea is involved, a federal court is limited to looking "to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the

3

plea was confirmed by the defendant, or to some comparable judicial record of this information" to determine "the category of conduct of which the [defendant] was convicted." *United States v Moreno*, 821 F.3d 223, 227 (2d Cir. 2016) (alteration in original) (quoting *Lanferman v. Bd. of Immigr. Appeals*, 576 F.3d 84, 88–89 (2d Cir. 2009)).

A "district court's determination[] that a prior conviction is for a violent felony . . . [is] reviewed *de novo*." *Bordeaux*, 886 F.3d at 192. "The factual basis of these determinations is reviewed for clear error." *Id.*; *see also United States v. Moreno*, 821 F.3d 223, 226–27 (2d Cir. 2016) ("[W]e 'apply clear error review to a district court's factual findings regarding the nature of a prior offense,' . . . ." (quoting *United States v. Brown*, 629 F.3d 290, 293 (2d Cir. 2011))).

In this appeal, Allen takes issue with the district court's analysis of two of Allen's prior convictions: one for second-degree assault in Connecticut and the other for aggravated assault in Georgia. After engaging in the required inquiry under the modified categorial approach, the district court concluded that Allen had been convicted under CONN. GEN. STAT. § 53a-60(a)(2) and GA. CODE § 16-5-21(a)(1) for these respective offenses. Our review here is for clear error and, after reviewing the record, we can discern no error, much less one that is clear, in the district court's determination. We therefore proceed to consider the application of the modified categorical approach to each conviction in turn.

First, Allen's Connecticut conviction meets the definition of a violent felony under the ACCA. At the time of Allen's conviction in 2000, the relevant subsection read:

> A person is guilty of assault in the second degree when . . . (2) with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument other than by means of the discharge of a firearm.

4

CONN. GEN. STAT. § 53a-60(a)(2) (2000). Allen argues that a violation of this provision does not require the use, attempted use, or threatened use of physical force, asking us to consider a hypothetical administration of poison. But this Court's decision in *Villanueva* controls this question. There, we evaluated a parallel provision in Connecticut's *first-degree* assault statute which stated that an individual was guilty of assault in the first degree when "[w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument." *Villanueva*, 893 F.3d at 127 (quoting CONN. GEN. STAT. § 53a-59(a)(1)). We held that this section set forth a violent felony under the elements clause of the ACCA. The minor differences between the two statutes do not alter the conclusion that it is categorically a use of physical force when an individual with intent to injure another uses a deadly weapon or dangerous instrument to do so.

Second, even if his Connecticut offense were not a violent felony, Allen's Georgia conviction is. At the time of Allen's conviction, GA. CODE § 16-5-21(a)(1) (2006) read: "A person commits the offense of aggravated assault when he or she assaults . . . with intent to murder, to rape, or to rob." Allen argues that a violation of this provision does not necessarily involve the use of violent force, but we cannot agree that the ACCA would therefore be inapplicable. Allen argues that an individual could commit aggravated assault against another without the use of "violent force" by "simulat[ing] possession of a gun and demand[ing] sexual favors." Appellee's Br. at 19. But his hypothesized facts fall squarely within the ACCA's elements clause, which defines a violent felony to include one that "has as an element the . . . *threatened* use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i) (emphasis added). Simply put, the categorical approach requires more than just a "theoretical possibility" that non-violent conduct could be criminalized under the statute. *United States v. Hill*, 890 F.3d 51, 56 (2d Cir. 2018)

(quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). We therefore conclude that Allen's Georgia conviction was also a violent felony within the meaning of the ACCA's elements clause.

As a result, when added to his two admitted offenses, Allen has four qualifying predicate offenses under the ACCA. The statute requires only three. 18 U.S.C. § 924(e)(1). Therefore, even assuming Allen was permitted to bring a collateral attack, he still qualified for the fifteen-year mandatory minimum under the ACCA.

\*     \*     \*

We have considered Allen's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk